511 P.2d 648

William BUTASH, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

General GMC Truck Sales, Inc.,
Respondent Employer,

State Compensation Fund,
Respondent Carrier.

No. I CA–IC 704.

Court of Appeals of Arizona,
Division 1,
Department B.

July 10, 1973.

Rehearing Denied July 30, 1973.

Review Denied Sept. 25, 1973.

Meadow, Cheche, Nastro & Thrasher by R. Y. Thrasher, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, and James E. McDougall, Phoenix, for respondent carrier.

EUBANK, Presiding Judge.

This matter is here by our writ of certiorari to review the lawfulness of an award of The Industrial Commission which held that the petitioner sustained no permanent physical disability resulting from his industrial accident of April 27, 1970. We are called upon to determine whether the evidence before the Commission reasonably supports the findings and award.

Petitioner was employed as a heavy duty diesel mechanic at the time of his industrially related injury. The record shows that prior to the injury in question, he had suffered two previous industrially related back injuries—the first in 1963 which resulted in a degenerated disc at the L5 level which necessitated a six-week hospitalization and several additional months off work; and the second in July 1967 to his neck which resulted in cervical surgery (suboccipital neurectomy) in early 1969. Prior to these injuries petitioner had received a medical discharge from the Armed Services with a 40% disability rating for anxiety and hypertension.

Petitioner's April 1970 injury occurred when he and two other employees were maneuvering an engine which weighed in excess of 500 pounds. Petitioner was seen on the date of his injury by Dr. Richard H. Daley, an orthopedic surgeon, who diagnosed an acute musculo-ligamentous strain. A conservative course of treatment including a short hospitalization and physical therapy were followed. A group consultation was held in September 1970, and the carrier terminated temporary benefits as of October 7, 1970, on the basis that petitioner's condition was stationary. The petitioner was discharged by the carrier's Notice of Claim Status with no residual permanent disability. A petition for hearing was timely filed, and a hearing was held on March 3, 1971. The resulting award of the hearing officer finding no permanent disability was affirmed by the Industrial Commission, and this appeal followed.

Dr. Daley was the only medical witness to testify at the hearing. He stated that as of September 1970 neither he nor the other consulting doctors could determine any objective findings to substantiate petition-

er's complaints of pain and physical limitation, and they had therefore concluded that his original strain of the lumbar spine had resolved itself with no permanent physical impairment. No evidence regarding direct aggravation of the prior injury was introduced at the hearing.

The record indicates that from the date that the petitioner was hired in July 1968 until the injury in April 1970, petitioner was able to perform all the heavy duty work required of his employment. Petitioner complains, however, that since the accident he can no longer do that type of work without experiencing pain in his low back and leg. Petitioner also cites the report of Dr. Daley, dated May 21, 1970, to the effect that he doubted that petitioner would be able to return to heavy duty work. Based on these factors, petitioner contends that the Commission erred in not finding that his industrial injury of April 1970 was a contributing factor to his present disability.

Initially, petitioner cites Wood v. Industrial Commission, 13 Ariz.App. 449, 477 P.2d 568 (1970), for the proposition that when the company doctor, or the carrier's doctor, as in this case, refused to return the claimant to work, a presumption of causally related disability is raised. We find that petitioner's reliance on the Wood holding is misplaced, since Dr. Daley's testimony here is not that he refused to release the petitioner for work, but rather that he counseled him by way of preventive medicine not to return to such heavy duties.

Dr. Daley's testimony, read as a whole, indicates that in his opinion petitioner's lumbar strain of April 1970 had completely healed; that the injury had not triggered or aggravated any preexisting condition; that petitioner should not have been engaged in heavy duty labor prior to his 1970 injury; and that any disability which he now suffered was not medically related to that 1970 injury. This testimony, combined with the complete absence of objective medical findings by which to substan-

tiate petitioner's claims of pain and weakness, supports the conclusion of the Commission that the petitioner failed to meet his burden by proving by a preponderance of the evidence the causal relationship between the industrial injury and his inability to return to heavy duty work. *See* Haynes v. Industrial Commission, Ariz. App., 509 P.2d 631 (1973); Montgomery Ward Co. v. Industrial Commission, 14 Ariz.App. 21, 480 P.2d 358 (1971).

The award is affirmed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.